*compiler/law library*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                )
                                   )
                vs.                )    **CRIMINAL CASE NO. CM0987-07**
                                   )
ALTERINO HELGENBERGER,             )    **DECISION AND ORDER**
                                   )
                Defendant.         )
                                   )
_____   )

### INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendant Alterino Helgenberger's Motion to Dismiss for Civil Compromise filed December 30, 2008. Oral arguments were heard on February 23, 2009. Assistant Public Defender Jane L. Kennedy appeared on behalf of the Defendant and Assistant Attorney General Charles Kinnunen appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

The Defendant is charged with assault and harassment as a misdemeanor for scratching the chest of the victim, an employee of the Yigo Country Club, as she escorted the Defendant off the Club premises for his disruptive behavior. On April 4, 2008, the victim signed a waiver in which she requested to waive prosecution of the Defendant and to dismiss the charges so that she can be allowed to have contact with him. The victim is allegedly a relative of the Defendant.

### DISCUSSION

Under 8 GCA § 80.90, a misdemeanor offense may be compromised where the victim has an adequate civil remedy and acknowledges that he has received satisfaction for the injury, and upon payment of the costs incurred the court may dismiss the criminal action.

In this case, the Defendant is charged with assault and harassment as a misdemeanor in violation of 9 GCA §§ 19.30 (a)(1), (e) and 61.20(b). The victim has adequate civil remedies in tort, and she filed a waiver to request the Court dismiss the criminal action so that she can be allowed to contact the Defendant again. The Government contends that the victim's waiver and request to dismiss the charges is not an express statement that she received satisfaction for her

injuries. However, even without an express statement of satisfaction, it appears clear that the victim does not wish to pursue criminal action because her injury is satisfied and she wants to contact and visit her relative. The Court cannot find a reason why this victim has not received satisfaction, and therefore the charges may be dismissed under 8 GCA § 80.90.

## CONCLUSION

Based upon the foregoing, the Defendant's Motion to Dismiss for Civil Compromise is hereby GRANTED and the case is hereby DISMISSED upon the Defendant's payment of court costs in the amount of forty dollars ($40.00).

SO ORDERED this 9th day of March, 2009.

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAR 0 9 2009

Deputy Clerk, Superior Court of Guam